UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRIEDRICH LU,

              Plaintiff,

    v.

KEVIN DAVIS, *et al.*,

              Defendants.

CIVIL ACTION
NO. 19-cv-11968-PBS

## MEMORANDUM IN SUPPORT OF DEFENDANTS CHIEF JUSTICES' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b) and 41(b), and Local Rule 15.1, Ralph D. Gants,[1] named in his official capacity as the Chief Justice of the Massachusetts Supreme Judicial Court, Mark V. Green, named in his official capacity as the Chief Justice of the Massachusetts Appeals Court, and Paula M. Carey, named in her official capacity as the Chief Justice of the Massachusetts Trial Courts (together, the "Chief Justices"), respectfully move to dismiss, with prejudice, Plaintiff Friedrich Lu's First Amended Complaint, Docket Entry # 53, for four reasons. First, Lu, who is appearing *pro se*, has again failed to comply with Judge Wolf's March 29, 2002, order in *Lu v. Harvard School of Dental Medicine et al.* (the "March 2002 Order"), which requires that Lu take specific procedural steps when filing a new complaint, motion, or other document in this Court. Second, Lu has not complied with Local Rule 15.1 in adding the Chief Justices. Third, Lu has not properly served the Chief Justices. And fourth, the Court lacks subject matter jurisdiction over the Chief Justices because they are shielded from suit

---

[1] Chief Justice Gants passed away on September 14, 2020.

by absolute judicial immunity. For these reasons, the Court should dismiss Lu's First Amended Complaint against the Chief Justices with prejudice.

## BACKGROUND

Lu filed his First Amended Complaint on July 2, 2020. Docket Entry # 53. Lu's First Amended Complaint is identical to his original Complaint, except that the First Amended Complaint substitutes the Chief Justices for the Defendant the Massachusetts State Courts. Docket Entry # 54; *see also* Report and Recommendation[2], Docket Entry # 85, at 4, 8 (comparing the complaints).

Lu's allegations in support of his claim against the Chief Justices are as follows. Lu alleges that the Massachusetts Bay Transportation Authority ("MBTA"), its board of directors, and the MBTA attorney Defendants "enlisted state courts so as to back out of contractual obligations with passengers." First Am. Compl. ¶ 6(b). The First Amended Complaint cites as an example *Rodriguez v. Massachusetts Bay Transportation Authority*, a putative class action alleging that the MBTA's service interruptions during the 2015 snowstorms breached the MBTA's implied contract to provide timely and reliable commuter rail service to its commuter rail customers. 80 N.E.3d 365, 366 (Mass. App. Ct. 2017); First Am. Compl. ¶ 6(b). Against the Chief Justices in their official capacities, Lu asserts a claim under 42 U.S.C. § 1983, contending

---

[2] Report and Recommendation Re: Massachusetts Bay Transportation Authority Defendants' Motion to Dismiss for Failure to Comply with a Court Order (Docket Entry #6); Defendants David S. Mackey, Nina L. Pickering-Cook and Christina Marshall's Motion to Dismiss (Docket Entry #7); Defendant Massachusetts State Courts' Motion to Dismiss (Docket Entry # 10); Massachusetts Bay Transportation Authority Defendants' Motion to Dismiss First Amended Complaint (Docket Entry # 56); Defendant Massachusetts State Courts' Motion to Dismiss first Amended Complaint (Docket Entry #62); Defendants David S. Mackey, Nina L. Pickering-Cook, Christina Marshall, and Anderson & Kreiger LLP's Motion to Dismiss Amended Complaint (Docket Entry # 64) and Memorandum and Order Re: Request to Enter a Default (Docket Entry # 71); Renewed Request to Enter Default on all Defendants (Docket Entry # 78) (the "Report and Recommendation").

that "under color of state law, custom or usage," the Chief Justices have violated Lu's rights, including through the *Rodriguez* decision. First Am. Compl. ¶ 15.

In November 2019, the Massachusetts State Courts moved to dismiss Lu's original Complaint under Rule 41(b) for failure to comply with the March 2002 Order and under Rule 12(b)(5) for insufficient service of process. Docket Entry # 10. Although the motion explained the steps Lu should take to properly serve the Massachusetts State Courts, Lu did not take those steps, nor has he complied with the March 2002 Order in any pleading or motion he has filed in this case.

In August 2020, the Massachusetts State Courts moved to dismiss Lu's First Amended Complaint under Rule 41(b) for Lu's repeated failure to comply with the March 2002 Order; under Rule 15(a), because Lu did not seek leave to file his First Amended Complaint; and because Lu failed to comply with Local Rule 15.1 in adding the Chief Justices. Docket Entry # 63. The Massachusetts State Courts also argued that the Court should dismiss, and not allow, Lu's First Amended Complaint on the ground of futility because the Chief Justices would be immune from suit under the doctrine of absolute judicial immunity. *Id.*

On November 3, 2020, Magistrate Judge Bowler issued a Report and Recommendation, Docket Entry # 85, recommending that Lu's action be dismissed as to the MBTA defendants, the MBTA attorney defendants, and the Massachusetts State Courts under Rule 41(b). Report and Recommendation at 25, 33.

However, to the extent the Massachusetts State Courts' motion to dismiss the First Amended Complaint sought to dismiss the Chief Justices from this action, Magistrate Judge Bowler recommended denying any such motion without prejudice because the Massachusetts Attorney General's Office had not entered an appearance on behalf of the Chief Justices and because "the general prohibition against raising another party's legal rights cautions against

3

considering the arguments raised by the Massachusetts State Courts as a means to dismiss the FAC against different and unserved parties, i.e., the Chief Justices." Report and Recommendation at 27-28. Magistrate Judge Bowler denied Lu's request for an entry of default against the Chief Justices because Lu had not adequately served the Chief Justices. Report and Recommendation at 32.

Magistrate Judge Bowler ordered that the Massachusetts Attorney General's Office would have until November 16, 2020, to enter an appearance on behalf of the Chief Justices, and noted that "[i]f, at a later point, the AGO files an appearance on behalf of the Chief Justices, the parties should not interpret this opinion as preventing the Chief Justices, represented by the AGO, from raising any argument, including a failure to comply with the March 2002 Order." Report and Recommendation at 28 n.17, 33.

The Chief Justices now move to dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b), 41(b), and Local Rule 15.1.

**ARGUMENT**

**I.      The Court Should Dismiss Lu's First Amended Complaint Because He Has Not Complied with the March 2002 Order.**

The Court should dismiss Lu's First Amended Complaint against the Chief Justices with prejudice under Rule 41(b) because Lu has repeatedly failed to comply with the March 2002 Order, and he has taken the position that he is not required to comply with the March 2002 Order. Under Rule 41(b), a court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In the March 2002 Order, Judge Wolf ordered that:

> Lu shall attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order.

4

March 29, 2002, Memorandum and Order, *Lu v. Harvard School of Dental Medicine et al.*, No. 00-cv-11492-MLW, at *17 (D. Mass. Mar. 29, 2002).[3] Judge Wolf explained that "[b]ecause Lu has filed many of his cases, including this case, *in forma pauperis* and/or *pro se*, Lu has incurred little or no cost in conjunction with these suits. However, the individuals Lu sues must incur the costs associated with responding to Lu's allegations each time he files a new case. Lu's complaints have also significantly burdened the state and federal court systems and their limited resources." *Id.* at *15. At that time, as Judge Wolf noted, Lu had filed 14 cases in the District of Massachusetts and ten cases in the Massachusetts state courts, many of which Lu "filed against judges and court personnel who have denied Lu's previous claims." *Id.*

Magistrate Judge Bowler has recommended that Lu's action be dismissed against all of the other Defendants in this case under Rule 41(b). Dismissal of this action against the Chief Justices is warranted for the same reason. As Magistrate Judge Bowler describes in the Report of Recommendation, after the March 2002 Order entered, Lu continued to file lawsuits in the District of Massachusetts without complying with the March 2002 Order, resulting in, in some cases, sanctions ranging from $500 to dismissal of Lu's complaint with prejudice. Report and Recommendation at 12-14 (listing cases and describing sanctions). And, as Magistrate Judge Bowler explained, the relevant factors, including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions," "weig[h] in favor of dismissing this action with prejudice." Report and Recommendation at 22 (quoting *Malot*, 478 F.3d at 44).

---

[3] The 2002 Order is attached hereto as Exhibit 1.

Lu is well aware of the March 2002 Order, but he deliberately did not comply with its procedural requirements when he filed his First Amended Complaint or when filing any other pleading or motion in this case. *See* Report and Recommendation at 23 (identifying two complaints and fifteen motions in this case where Lu has failed to comply with the March 2002 Order). Lu does not have any excuses for failing to comply with the March 2002 Order in this case; he asserts in this case the same unsuccessful arguments against the March 2002 Order that he made in *Lu v. Capital Waste Services, Inc.*, Civil Action No. 19-11458-FDS. Report and Recommendation at 22. Lesser sanctions imposed in other cases where Lu has failed to comply with the March 2002 Order have had no effect on Lu's willingness to comply in future cases. *Id.* at 23.

Finally, the First Circuit recently affirmed the district court's dismissal under Rule 41(b) of another action brought by Lu in this district where Lu refused to comply with the March 2002 Order, concluding that "dismissal was well within the district court's considerable leeway in exercising [its] admitted authority to punish laggardly or noncompliant litigants" based on Lu's "flagrant disregard of a court order." *Lu v. Capital Waste Servs., Inc.*, Nos. 19-1758, 19-2016 (1st Cir. July 24, 2020) (unpublished).[4]

Magistrate Judge Bowler's reasoning in dismissing this action against the other defendants applies equally to the Chief Justices. Despite the repeated warnings about his obligation to comply with the March 2002 Order or risk dismissal of his actions, Lu will not comply with the March 2002 Order. Thus, this Court should dismiss Lu's First Amended Complaint against the Chief Justices with prejudice under Rule 41(b).

---

[4] Attached hereto as Exhibit 2.

## II. The Court Should Dismiss Lu's First Amended Complaint Because Lu Has Not Complied with Local Rule 15.1.

Lu's unwillingness to comply with the March 2002 Order alone warrants dismissal of Lu's First Amended Complaint with prejudice. But this Court also should dismiss Lu's First Amended Complaint against the Chief Justices because Lu has not complied with Local Rule 15.1. "Compliance with local rules of procedure is mandatory, even for *pro se* parties." *McGee v. Benjamin*, No. CIV.A. 08-11818-DPW, 2012 WL 959377, at *11 n.12 (D. Mass. Mar. 20, 2012) (citing *Graham v. Sabol*, 734 F. Supp. 2d 194, 199 & n.4 (D. Mass. 2010)). And failure to comply with Local Rule 15.1 is a sufficient ground to deny leave to add a new defendant.[5] *See Ortiz v. Mara*, 435 F. Supp. 3d 330, 332 (D. Mass. 2020) (denying motion to amend for failure to comply with Local Rule 15.1); *Monahan v. Sabatis*, No. CV 14-13863-PBS, 2014 WL 12703711, at *2 & n.2 (D. Mass. Dec. 16, 2014) (same); *Martins v. 3PD, Inc.*, No. CIV.A. 11-11313-DPW, 2013 WL 1320454, at *4-5 (D. Mass. Mar. 28, 2013) (same); *Ali v. Univ. of Mass. Med. Ctr.*, 140 F. Supp. 2d 107, 111 (D. Mass. 2001) (same).

Local Rule 15.1 requires that a plaintiff seeking to amend a pleading to add a new party do the following: (1) add the party as soon as the plaintiff reasonably can be expected to become aware of its identity, (2) serve a motion to amend on the proposed new party 14 days in advance of filing the motion, and (3) include a certificate in the motion when it is filed stating that the motion was served on the new party as required by the rule. Lu has not complied with any of these requirements. The identities of the Chief Justices of the Supreme Judicial Court, the Appeals Court, and the Trial Courts are publicly available and were publicly available when Lu

---

[5] Although Lu has not sought leave to file his First Amended Complaint, under Local Rule 15.1, it appears that a party who wishes to amend a pleading to add a new party must file a motion seeking to do so.

filed his original Complaint. But Lu waited nearly 10 months to seek to add these new parties. Lu also has not served a motion seeking leave to amend on the Chief Justices or filed a motion seeking leave to amend with the Court. Because Lu has not filed a motion seeking leave to amend, as required by Local Rule 15.1, there is no motion seeking leave for this Court to deny, and thus dismissal of the First Amended Complaint against the Chief Justices is appropriate. Accordingly, Lu's failure to comply with Local Rule 15.1 is an alternative basis to dismiss Lu's First Amended Complaint.

### III. The Court Should Dismiss Lu's First Amended Complaint for Failure to Properly Serve the Chief Justices.

Lu's failure to serve the Chief Justices is yet a third basis on which this Court should dismiss Lu's action against them under Rule 12(b)(5). *See* Report and Recommendation at 25 n.15 (noting that insufficient service of process on Defendant Anderson and Kreiger provided an alternative basis to dismiss the action against that Defendant).

Because Lu has sued the Chief Justices in their official capacities, service of process is governed by the rules applicable to serving individuals. *Caisse v. Dubois*, 346 F.3d 213, 216 (1st Cir. 2003). Federal Rule of Civil Procedure 4(e), which governs service on individuals, permits: (1) service in accordance with Massachusetts law; or (2) service by (A) delivering the summons and complaint to the individual personally, (B) leaving a copy at the individual's dwelling, or (C) delivering a copy to an authorized agent. Assuming that Massachusetts Rule of Civil Procedure 4(d)(3), which governs service upon the Commonwealth or its agencies, applies to the Chief Justices,[6] service may be effected by delivering the summons and complaint to the Boston office

---

[6] "The Massachusetts courts have not decided whether service on public employees in their official capacities should be made in compliance with the rules for serving individuals, *see* Mass. R. Civ. P. 4(d)(1), or the rules for serving the state and government organizations, *see* Mass. R. Civ. P. 4(d)(3)." *Caisse*, 346 F.3d at 216. Under Massachusetts law, service on an
(footnote continued)

8

of the Massachusetts Attorney General's Office, or by mailing it to the Attorney General's Office by certified or registered mail.

Lu asserts that he served the summons and complaint on the Chief Justices by mailing it to the Attorney General's Office by first-class mail, postage prepaid. Docket Entry # 70. This method of service is not sufficient under either Federal Rule of Civil Procedure 4(e)(1) and Massachusetts Rule of Civil Procedure 4(d)(3), or Federal Rule of Civil Procedure 4(e)(2). Accordingly, Lu has failed to serve the Chief Justices, and the Court should dismiss the First Amended Complaint under Rule 12(b)(5) for insufficient service of process. *See* Report and Recommendation at 32 (concluding that default inappropriate against the Chief Justices because Lu insufficiently served the Chief Justices).

## IV.   The Court Should Dismiss Lu's First Amended Complaint Because the Chief Justices are Immune from Suit.

Finally, dismissal under Rule 12(b)(1) is also appropriate because this Court lacks subject matter jurisdiction over the Chief Justices, who are immune from suit under the doctrine of absolute judicial immunity.

The Chief Justices are state court judges who are protected from suit by absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 620 (1st Cir. 2019) (affirming decision dismissing § 1983 suit against state court judge on grounds of judicial immunity). Lu seeks to add the Chief Justices as defendants pursuant to 42 U.S.C. § 1983, alleging they violated his constitutional rights.[7] The Supreme Court has long recognized as "a general principle of the

---

(footnote continued)
individual may be effected in the same ways as on an individual under Federal Rule of Civil Procedure 4(3) and thus does not permit service by mail. *See* Mass. R. Civ. P. 4(d)(1).

[7] To the extent Lu seeks prospective injunctive relief against the Chief Justices, the plain text of § 1983 bars claims for such relief against "a judicial officer for an act or omission taken
(footnote continued)

highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted). Thus, "it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions. And, the Supreme Court has recognized that judicial immunity applies in the context of suits—like [the plaintiff's]—that are brought under § 1983." *Zenon*, 924 F.3d at 616-17 (citations omitted); *see also Anderson v. Supreme Judicial Court of Mass.*, No. 18-cv-11302-DJC, 2019 WL 1244054, at *5 (D. Mass. Mar. 15, 2019) (dismissing § 1983 claims asserted against judicial defendants because "[a]bsolute immunity protects judges from acts performed within the scope of their jurisdiction"). Absolute judicial immunity is not limited to suits for damages; it shields judges from suit altogether. *Zenon*, 924 F.3d at 617 n.10. Therefore, "[j]udicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." *Id.* at 617.

Lu does not clearly articulate in his First Amended Complaint the nature of his § 1983 claim against the Chief Justices. None of the Chief Justices he seeks to add as defendants presided over the *Rodriguez* Appeals Court case. *See Rodriguez v. Mass. Bay Transp. Auth.*, 80 N.E.3d 365, 366 (Mass. App. Ct. 2017) (Grainger, Sullivan, and Kinder, JJ.); *see* First Am. Compl. ¶ 7(a).[8] While the Supreme Judicial Court did deny further appellate review in the

---

(footnote continued)
in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Lu has pled no facts suggesting that his claim falls within this narrow exception. Accordingly, any claim must be dismissed on that basis as well.

[8] Lu also cites G.L. c. 211A, § 16, which permits the Chief Justice of the Appeals Court to designate and assign retired justices to perform the duties of an associate justice, but this did not occur in the *Rodriguez* case.

*Rodriguez* case, *see Rodriguez v. Keolis Commuter Servs. LLC*, 94 N.E.3d 851 (2017), any involvement Chief Justice Gants may have had in that decision is nonetheless protected by absolute judicial immunity because Chief Justice Gants would have been performing a judicial act within his jurisdiction. *See Zenon*, 924 F.3d at 617.

Lu also cites two additional cases he brought in the late 1990s that Lu implies are connected to his claim that Massachusetts appellate courts have a custom and usage of deciding appeals "without quorum or a brief filed." *See* First Am. Compl. ¶ 7(d). However, these two cases predate Chief Justice Gants and Chief Justice Green's appointments to the Supreme Judicial Court and the Appeals Court, respectively, and thus it is not apparent how Lu contends the Chief Justices have harmed him. In any event, because none of Lu's allegations implicate non-judicial conduct, absolute judicial immunity protects the Chief Justices from suit. Therefore, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is an alternative basis for dismissal of the First Amended Complaint against the Chief Justices.

## CONCLUSION

In sum, the Court should dismiss Lu's First Amended Complaint with prejudice because Lu again has failed to comply with the March 2002 Order, has failed to comply with Local Rule 15.1, has failed to serve the Chief Justices, and has asserted claims against the Chief Justices that are barred by the doctrine of absolute judicial immunity.

Respectfully submitted,

RALPH D. GANTS, named in his official capacity as the Chief Justice of the Massachusetts Supreme Judicial Court, MARK V. GREEN, named in his official capacity as the Chief Justice of the Massachusetts Appeals Court, and PAULA M. CAREY, named in her official capacity as the Chief Justice of the Massachusetts Trial Courts,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL


*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban, BBO No. 687068
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2589
Phoebe.Fischer-Groban@mass.gov

November 13, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and served electronically on Plaintiff Friedrich Lu on November 13, 2020.

                                                     */s/ Phoebe Fischer-Groban*