UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff      )          Civil Action No 19-11968-PBS
v                            )
Kevin Davis, et al, Defendants)

PLAINTIFF'S OBJECTION TO NOV 2, 2020 REPORT & RECOMMENDATION

Magistrate Judge Marianne B Bowler on Nov 2, 2020 filed a Report and Recommendation, to which plaintiff Friedrich Lu objects.

R&R again cited numerous unpublished opinion without obeying Fed Rule App Pro 32.1; Lu has no access to Westlaw. Lu's July 2, 2020 *objection* to June 18 R&R (version 1) complained about it at Part I (1), but Bowler J continued to flout the appellate rule.

I

R&R 16 had the first section whose heading was "Amendment as of Right under 15(a)(1)." Bowler J actually (gasp!) went back and forth, alternated between original complaint and First Amended Complaint, as portions of both were valid. In that case, *Ferdik* v *Bonzelet* (CA9 1992) 963 F.2d 1258, 1260 (the amended complaint contained "Joe T Bonzelet, et al" as caption) would not come into being in the first place.[1]

II

(1)   R&R 21 started discussing "Rule 41(b) Order." See sectional healing there. R&R immediately brought up four district court cases of Lu's that succumbed under Wolf J's order. See *id*, at 23-24. Well, these, and more cases of Lu's actually, were decided by corrupt judges whose names (negligently missing magistrate judge Jennifer C Boal; more judges to be added to the honor roll) Lu compiled in the complaint of *Lu* v *Sprangue*, US Dist Ct (D.Mass.) No

18-cv-12544-LEW. No matter how many cases of Lu's fell on this sword, these do not precedents make. See next and next.

(2)     R&R 23 piled on, "In this case alone, plaintiff filed more than 15 motions and two complaints without attaching the March 2002 order [of Wolf's] and a certification. In Lu v Boston College, US Dist Ct (D.Mass.) No 12-cv-10326-WGY, Lu did submit a document (a certificate of sorts) on the day of commencement of action (Feb 17, 2012); clerk's office did not record it.

Why were the four cases corruptly decided? Because they cited no law (case or statute, but for 41(b) ) at all. Indeed they are against all sorts of dogmas in common law, one is which is to enforce an injunction (that is what Wolf's order was about, if it ever existed), the potential contemptor will be hauled back to the same judge in the same case where the injunction was issued. He is not allied to engage in collateral attack. With regard to Wolf's order, however, everybody else (corrupt adversaries of Lu's and judges) have been doing just that (collateral attack) on *Lu*, wherease Lu is bound to remain silent of merit of Wolf's order. That is how unfair it is. And now, Bowler J added her own interpretation of Wolf's order that each *filing*, not just action, of Lu's anywhere (presumably in the United States) must comply with said order.

(3)     "What spells the deathnell [sic] for plaintiff is the First Circuit's decision affirming the Rule 41(b) dismissal in *Capital Waste* [CA1 Nos 19-1758 & -2016]." R&R 24 and n 14 ("The parties did not cite the First Circuit decision"). These are epitomes of Bowler J's living in a parallel universe with alternate reality. Lu will address them sequentially.

(a)     "Death knell?" If it were the case, Bowler J would have dismissed the action in July rather than four months later. What takes her so long! After all, another magistrate judge

followed suit and dismissed *Lu* v *Carrasco*, US Dist Ct (D.mass.) No 20-cv-10031-JGD days later.

(b)     It goes without saying that "parties did not cite the First Circuit decision," in part because the so-called decision came out about nine months *after* 41(b) motions in this case. And that is not a *decision*, but a judgment entered according to 36. So ashamed of it and for fear of picking it up by Westlaw and Lexis, First Circuit put a brown bag over its own head in futile disguise.

(c)     The quoted judgment of First Circuit banked solely on *Cintron-Lorenzo* v *Departamento de Asuntos del Consumidor* (CA1 2002) 312 F.3d 522, where district court order at issue was intrinsic, as opposed to the extrinsic order of Wolf J's. Despite this key difference that Lu has maintained all sling in every cases concerning Wikd;s order at both district courts and First Circuit, R&R 24 pontificated, "The facts in the case at bar [Lu's case] are indistinguishable."

The aforesaid judgment poker-faced remarked, "In this case [*Capital Waste*] alone, he [Lu] disregarded the [Wolf's] order on more than 15 occasions." Ditto, see Part II (2) *supra*.

III

(1)     R&R 26 started with the sectional heading: Service of Process on Chief Justices and Entry of Default" in reply to Lu's Sept 8, 2020 *Declaration on Service on Judicial Defendants*, whose ¶ 2 talked about inaccessibility to the treatise *Federal Practice & Procedure* during the Covid-19 pandemic, and whose ¶ 5 (*Blair* v *City of Worcester* (CA1 2008) 522 F.3d 105, 114.

(a)     R&R 26 *et seq* talked about service on judicial defendants. At one point, at 31 specifically, R&R faulted Lu for not serving the process on chief justices's jokes. Get real! Has Bowler J ever disclosed publicly her home address? Will she?

(b)     R&R 26 *et seq* spent so many pages and yet assiduously skirted around *Blair*. Why?

(2)

(a) Lu's August 21, 2020 *Request for Entry of Default* is directed to clerk. Bowler J has not authority to deny it (she cited none and Lu finds none). But see R&R 5, n 4 (Bowler J's denial of entry of default against all defendants), 6, n 6 (her denial of default against law firm whose first appearance, without prior leave, was Docket #64), 7, n 7 (her purported authority to do so under an unpublished opinion by Saris, J), 17, n 12 (her denial of entry of default against MBTA defendants).

(b) "We give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore* v *Marvel Entertainment Group* (1989) 493 US 120, 123. Lu will separately file a cross-motion to strike judicial defendants' motion to dismiss filed on 13, 2020, whose content Lu will incorporate here.

(c) Once again, in the instant R&R Bowler J failed to heed the precept embodied in Mass Rule Civ Proc 4(f): "Failure to make proof of service does not affect the validity of the service." Lu said it once before , in Aug 21, 2020 *Memorandum of Law in Support of Entry of Default* against all defendants at Part III (6).

(3) Moreover, R&R 17, n 12 quoted *Federal Practice & Procedure* § 2683 (4th ed 2020) for 'challenges to such matters as service, venue, and sufficiency " of the complaint, for the proposition of "otherwise defend." That is Fed Rule Civ Proc 12(b)(5), (3) and (e), respectively, all of which tolls time to answer. See id, Rule (a)(4) ("serving a motion under this rule [ie, 12] alters" time to answer). Thus Bowler J ws not warranted in n 12 to characterize MBTA defendants' Rule 41(b) motion as challenging on the sufficiency of the original complaint on the basis of that it violated the March 2002 order." Bowler J is biased.[2]

Plaintiff: Friedrich Lu, pro se  *[signature]*
Date: November 16, 2020

Email address: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112

---

[1] Bowler J is such as a genius, that she can contrive something so convoluted and yet so wrong, that nobody has ever thought possible.
  Generations of district judge in this district appointed her term after. Are they all dim-witted? Luckily for everyone else, Bowler J will soon retire thanks to her ripe age.

[2] Lu did not read most of the cases in the R&R. But when he tried to looked up the case in page 27, whether by quotation, case name (Johnson etc), or case report, nothing came up.

*Notice of service of Rule 11 motion. F.L.*